FILED
Sep 17 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ soniad DEPUTY

Lindsey Stewart
P.O. Box 230170
Encinitas, CA 92024
(760) 573-3503

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| LINDSEY STEWART,<br>Plaintiff,<br><br>vs.<br><br>CHICK –FIL-A, INC., AND DANNY AND BECKY PUTNAM, D/B/A CHICK-FIL-A –THREE LITTLE COWS,INC.<br>Defendants | CIVIL CASE NO. '19CV1780 CAB BGS<br><br>COMPLAINT FOR VIOLATIONS OF: 42 U.S.C.§ § 2000 et seq. (Title VII of the Civil Rights Act of 1964) |

**COMPLAINT**

Comes Now, Plaintiff, Lindsey Stewart, and files her Complaint against the above-named Defendants on the following grounds:

**INTRODUCTION**

1. This is an action for age, gender, retaliation discrimination pursuant to **42 U.S.C.§ § 2000 et seq.** (Title VII of the Civil Rights Act of 1964), as amended

by the Civil Rights Act of 1991.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. Pursuant to 42 U.S.C.§ 2000e-3 (a), 29 U.S.C. Section 623 ,inasmuch as the matter in controversy is brought pursuit to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 e et.seq., Age Discrimination in Employment Act of 1964 (ADEA); Retaliation and Gender Discrimination.

3. Defendants are an "employer" engaged in an industry affecting commerce as defined by 42 U.S.C.§2000e (b).

4. This Court has personal jurisdiction over Defendant Chick-Fil-A, Inc. ("hereinafter referred to as Chick-Fil-A"). Defendant Chick-Fil-A is a for-profit Georgia corporation. At all times relevant, Defendant Chick-Fil-A operated its fast food restaurant business within the State of Georgia.

5. This Court has personal jurisdiction over Defendants Chick-Fil-A Danny and Becky Putnam ("hereinafter referred to as "The Putnam's"). Defendants are Owners/Operators of the Chic-Fil-A located at 194 N. Camino, Encinitas, CA, at which they operate a Chick-Fil-A fast food restaurant, D/B/A Three Little Cows,Inc

## VENUE

6. Defendants operate their business within the Northern District of Georgia. All actions by Defendants alleged herein occurred in the San Diego County of California. Venue in this district is proper for the Defendants pursuant to 28 U.S.C. § 1391

## THE PARTIES

7. The Plaintiff is a Sixty-Two year old female residing in Encinitas, CA.

8. Defendant Chick-Fil-A is a for-profit Georgia corporation doing business in the Northern District of the State of Georgia. Defendant Chick-Fil-A may be served with summons and process by service upon its registered agent, Susan Tammy Pearson, at 5200 Buffington Road, Fulton County, Georgia 30349.

9. Defendants Danny Putnam and Becky Putman, husband and wife are for profit proprietors of Chick-Fil-A restaurant located at Encinitas, CA. Defendants; DBA "The Three Cows Inc," "The Putnams" may be served with summons and process by service upon Danny Putnam and or Becky Putnam at 194 N Camino Real, Encinitas, CA 92024.

**FACTS**

10. Defendants operate a Chick-Fil-A fast food restaurant at 194 N Camino Real, Encinitas, CA 92024

11. Defendant Chick-Fil-A Corporate office performs operational decisions in selecting franchise owners in various locations throughout the United States.

12. Defendant Chick-Fil-A performs, provides and participates in human resource, employee training, and management decision making for employees of Defendants "The Putnams".

13. Defendant Chick-Fil-A provides employee benefits, and policies and procedures for Defendants "The Putnams."

14. Defendant Chick-Fil-A has financial control and interests over Defendants "The Putnam."

15. Defendants have interrelated operations, centralized control of labor, common management, and maintain common ownership and/or financial control with one another.

16. On or about September 13, 2018, Plaintiff began her employment as a

17. On or about October 2018, Plaintiff was promoted to kitchen/prep and received a $1.00 raise. Throughout her employment performed her duties in a satisfactory manner.

18. On or about November and again in early December 2018 Plaintiff complained to Director of Prep Terra Aguilar about numerous incidents that Plaintiff witnessed by Cody Dufon Director, sexually harassing several of the younger females at work. (Exhibits 3, 4,5,6)

19. On or about December 13,2018 Plaintiff received Performance Improvement Plan "Meet again in 2 weeks to review progress." Signed by Danny Putnam and Kitchen Leader Eric Garcia.

20. On or about December 15, 2018 Plaintiff served Danny Putnam a Three Page Complaint Rebuttal Letter to the December 13th, 2018 Performance plan. The employee complaint was filed against Danny Putnam, Terra Aquilar, Eric Garcia, and Cody Dufon. (Exhibit 3)

21. Following Plaintiff's December 15th, 2018 letter, a series of adverse events took place in the proximity to that complaint. Plaintiff's termination on December 19, 2018 was in direct retaliation but for her reporting of sexual harassment of younger aged females being exploited:

a. December 13, 2018 Performance Improvement Plan "Meet again in 2 weeks to review progress."
b. December 14, 2018 Stewart worked her scheduled shift 2 to 8.
c. December 15, 2018 Stewart's Three Page Letter
d. December 17, 2018 Stewart worked her scheduled shift 12to 8. Putnam absence for the day
e. December 18, 2018 Stewart showed up for my 2 to 8 pm shift, only to be told to go home to put some distance between the situation.
f. December 19th, 2018: Stewart showed up for my 2 to 8 pm shift and was terminated, along with the sexual defiant Dufon.

(Exhibits 3, 4, 6)

22. The Defendants reasoning for the Plaintiffs December 19,2018 termination:

> "When Claimant failed to improve following multiple coaching sessions and a performance improvement plan, the Restaurant terminated Claimant on December 19,2018."( "Factual Background" Page 1, ¶ 3.). Review Page 6: ¶ 4 "Further, the performance improvement plan, which did not result in a demotion or termination, does not constitute an adverse employment action as a matter of law." (Cole v. Illinois 7th Cir. 2009) 562 F.3d 812, 816-817.)"

(April 18th, 2019 Def. response letter to EEOC Exhibit 5).

23. On or about March 17, 2019 Plaintiff signed the EEOC complaint. Chick-Fil-A Corporate office never responded to the allegations. Nor did Chick-Fil-A Corporate office respond to Plaintiff's January 3, 2019 letter reporting sexual abuse at the Encinitas, CA location.

(Exhibit 1, 4).

24. On or about April 18th, 2019, the Defendant's filed a response letter to Plaintiff's EEOC complaint. 'But for' Plaintiff's gender, age in filing her EEOC complaint, Chick-Fil-A- would not have retaliated by filing three false declarations by the four supervisors complained about. Three declarations were intended to falsely undervalue Plaintiff's job performance **after** filing her complaint with the EEOC.

(Defendant's Exhibit 5 and Plaintiff's response at Exhibit 3,6)

25. On or about June 22, 2019 Plaintiff filed her response letter with the EEOC. Defendants April 18th response letter, is absent any record of any declarations that documented Male Supervisor Cody Dufon's sexual harassment of the two females identified in the response letter. Both Cody Dufon, and Plaintiff

were terminated on the same day, and two days after Plaintiff's December 15th, 2019 complaint.

26. After Plaintiff was terminated, she was replaced with younger employees.

27. Plaintiff was terminated because of her age and gender, and reporting of how younger females were sexually harassed by male supervisor.

28. **Defendants Chilling Effect On Females Reporting Sexual Misconduct:** The Chick Fil-A policy was in full force, and "The Putnams" wasted no time in ridding themselves of the 'whistle blower' v. the 'predator on December 19th,2018, in proximity to Plaintiff's December 15, 2019 letter. (Exhibit 3). The employer failed to take proper remedial action after receiving sexual complaints against Dufon back in May 2018. (Exhibit 6 p.2)

29. Before Plaintiff was hired on September 13, 2018, Danny Putnam had knowledge of the harassment of younger female employees at the store level by Dufon. In fact, Putnam promoted Dufon to Directors position, employee of the month, adding to the disparate treatment after a younger female employee, Arlett shift leader working in the front, filed a formal verbal complaint with Mr. Putnam against Director Dufon's misconduct.

30. This disparate treatment of sexual harassment occurred when Defendants allowed Dufon to overtly treat female individuals differently, solely based on gender. Furthermore, in the month of December 2018 Putnam allowed Dufon to start interviewing applicants; potential female applicants who he could later victimize.

31. Predator Dufon did not receive the same scrutiny of extreme character bashing before and after the termination of both Plaintiff and Dufon on December 19,2019. Evidenced by Chick Fil A s April 18,2019 seven page EEOC response

document. Nor were declarations obtained by the female victims against Dufon as of April 18th, 2019, as were obtained against Plaintiff (Declarations of Aguilar, Garcia, Putnam).

**CAUSES OF ACTION**

**CORPORATE FAILURE TO SUPERVISE THEIR FRANCHISES AGAINST DISCRIMINATION**

**CLAIM FOR RELIEF**

**AGE GENDER DISCRIMINATION**

**(Title VII of the Civil Rights Act of 1964,42 U.S.C.§ § 2000 et seq.)**

The preceding paragraphs 1-31 are incorporated as alleged above.

32. Plaintiff has timely filed a charge with the EEOC alleging retaliation claims and has thus exhausted her administrative remedies. (Exhibit 1)

33. Chick-Fil-A has engaged in an intentional, company-wide, and systemic policy, pattern, and /or practice of discrimination against older female employees in violation to Title VII by:

Performance Evaluations Subject To Arbitrary As Needed Policy:

a. Utilizing a biased performance rating system
b. Failing to take reasonable and adequate steps to prevent and correct the use of standardless, unvalidated, and /or illegitimate criteria to determine the terms and conditions of employment
c. Corporate failure to supervise their franchise restaurants against discrimination
d. Chick Fil-A discriminates against older employees:

" Mr.Putnam responded that evaluations are done for all employees when they are needed." That is to say only older employees are subject to an arbitrary

performance evaluation that result in termination. (Exhibit 5 p. 4 par 4)

## CLAIM FOR RELIEF

## CORPORATE FAILURE TO SUPERVISE THEIR FRANCHISES

### Retaliation For Reporting Sexual Harassment

### (Title VII of the Civil Rights Act of 1964,42 U.S.C.§ § 2000 et seq.)

34. Plaintiff incorporates the preceding paragraphs as alleged above.

35. Plaintiff has timely filed a March 17th,2019 charge with the EEOC alleging age, gender andretaliation claims, and has thus exhausted her administrative remedies.(Exhibit 1). On or about June 25,2019 Plaintiff was provided a right to sue letter (Exhibit 2).

36. Plaintiff engaged in protected activities, including making internal and written complaints of unlawful discrimination and filing charges with the EEOC complaining of Chick-Fil-A's discriminatory policies and practices when reporting sexual harassment against younger female employees.

37. The franchise owner "The Putnams" had knowledge that Dufons job performance included sexual misconduct back on or around May of 2018 by female employee Arlett; and again in November 2018 by Margaraina. Was Dufon subject to the same multiple coaching sessions, as Stewart? Was Dufon placed on a performance improvement plan for sexually harassing younger females? Did the female victim (s) file declarations about Dufon's character before **and** after he was terminated?

38. The Corporate office allowed franchises to discriminate against older females who report sexual harassment against male employees exploiting younger females, as a hostile environment when being terminated for speaking out. **There**

**are no mechanisms in place to report work place harassment against the franchise level to the corporate level.**

39. The systemic targeting of younger females by Director Dufon over a period of time was known and ignored by "The Putnams". **Chick-Fil-A's investigation of Plaintiffs complaint is totally devoid of investigating Dufon's work related sexual harassment activity**. Evidenced by Chick Fila's April 18, 2019 response letter to the EEOC:

> "Ms. Palmer first spoke to Claimant as part of her investigation. Claimant disclosed she felt other female employees were being sexually harassed by Mr. Dufon outside the Restaurant. Ms Palmer then spoke to multiple current and former Team Members and management to as part of her investigation. The Restaurant ultimately concluded that Mr. Dufon acted inappropriately outside the work place, including texting one female to ask her to go drinking with him, Mr. Putnam found Mr. Dufon's behavior to be unacceptable and a violation of Company policy. He thus immediately terminated Mr. Dufon."(Pg 4 ¶ 2)

40. In the proximity of Plaintiff's termination, filing a EEOC complaint, and during the investigation. Desperate to get out of the discrimination suit, Chick-Fil-A attorneys filed three false declarations on behalf of Danny Putnam, Terra Aguilar, and Eric Garcia on or about April 18, 2019. The causal connection is not negated but proven by Chick-Fil-A's April 18th, 2018 letter:

> *Page 6:* ¶ 4 "Neither Mr. Garcia nor Mr. Putnam who initiated the December 13,2018 meeting, knew about Claimants allegations until receiving her December 15th, 2018 letter two days later, negating any causal connection. Further, the performance improvement plan, which did not result in a demotion or termination, does not constitute an adverse employment action as a matter of law."

(Exhibits 3,4,5,6)

41. Determined to avoid any one reason for terminating Plaintiff, ChicFil-

A made up numerous culminating reasons by falsely backdating events in an attempt to discredit Plaintiff's discrimination and retaliation claims.[1] The most shocking of all the unverified incidents is Chick Fil-A's accusations is the fear Stewart would become violent. See Exhibit 5 p. 2:¶ 4:

> ***"At this point, Claimant grabbed a knife, screaming and shouting. The she walked over to cut lettuce. This erratic behavior alarmed Ms. Aguilar and feared Claimant would become violent with the knife. Ms. Aguilar also found it unacceptable that Claimant would scream at her peer."***

42. 'No coworker(s) provided witness testimony, as to the knife welding 62 year old that has no history of violence, nor creating a hostile environment, ever. Plaintiff's_immediate boss, prep captain Keila Atemta was not mentioned throughout the April18th, 2018 Chick-Fil-A letter.

43. As of this date, Corporate Office never responded to Plaintiff's January 3,2019 letter (Exhibit 4) and EEOC complaint (Exhibit 1).The failure for corporate to not get involved allows franchise owners to treat young females with disparate treatment and use the performance improvement plan to get rid of older employees. "The Putnams" will continue to retaliate against those that file complaints, as in this case . It's a systemic failure on both the Corporate and franchises, as there are no mechanisms in place to report work place harassment without being retaliated against.

44. Plaintiff Prays for damages and will amend her complaint to address discovery related issues.

**CONCLUSION NATURE OF THE ACTION**

This is an action for relief/damages related to and from employment

[1] Exhibit 6, with attached exh 2 "Culmination Termination on" and Exhibit 3 Table Terra Aguilar

discrimination in violation of Title VII of the Civil Rights Act of 1964, *as amended* ("Title VII"),

1. Defendants did not exercise reasonable care to prevent and correct any discrimination after complaints of sexual harassment were reported.

2. Female employees feared reporting sexual harassment, and remained silenced because there was no mechanism in place to report incidents. That failure to safeguard females in the work place from retaliation, squarely lies at the feet of Chick-Fil-A Corporate Office.

3. Section 704(a) of Title VII of the Civil Rights Act of 1964, *as amended*, prohibits employers from discriminating against an employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

September 17, 2019

Lindsey Stewart