Jonathan D. Andrews (SBN 199256)
jandrews@albblaw.com
Lisa M. Magorien (SBN: 259877)
lmagorien@albblaw.com
Noel M. Hicks (SBN: 310521)
nmhicks@albblaw.com
ANDREWS LAGASSE BRANCH + BELL LLP
4365 Executive Drive, Suite 950
San Diego, CA  92121
Telephone:  (858) 345-5080
Facsimile:  (858) 345-5025

Attorneys for Defendants
DANNY PUTNAM, BECKY PUTNAM, AND 3 LITTLE COWS, INC. DBA CHICK-FIL-A (erroneously sued as DANNY AND BECKY PUTNAM D/B/A/ CHICK-FIL-A – THREE LITTLE COWS, INC.)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSEY STEWART,<br><br>            Plaintiff,<br><br>vs.<br><br>CHICK-FIL-A, INC., AND DANNY AND BECKY PUTNAM, D/B/A CHICK-FIL-A – THREE LITTLE COWS, INC.,<br><br>            Defendants. | CASE NO.  19cv01780-CAB-BGS<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>**[FED. R. CIV. P. 8(a); 12(b)(6); and 12(f)]**<br><br>Judge: Cathy Ann Bencivengo<br>Dept.: 4C<br>Date:   December 11, 2019<br><br>[consecutively filed with Notice of Motion; and (Proposed) Order]<br><br>*PER CHAMBERS RULE, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT* |

Defendants DANNY PUTNAM, BECKY PUTNAM, AND 3 LITTLE COWS, INC. DBA CHICK-FIL-A (erroneously sued as DANNY AND BECKY PUTNAM D/B/A/ CHICK-FIL-A – THREE LITTLE COWS, INC.) (collectively Defendants) respectfully submit this memorandum of points and authorities in support of their motion to dismiss the claim of Plaintiff Lindsey Stewart for failure to state a claim upon which relief can be granted.

## I. INTRODUCTION

Plaintiff's Complaint alleges two causes of action against Defendants arising out of her employment with 3 Little Cows, Inc. The Complaint should be dismissed for failure to state a claim upon which relief can be granted, with prejudice. Plaintiff lists her causes of action as: (1) corporate failure to supervise their franchises against discrimination claim for relief age gender discrimination; and (2) corporate failure to supervise their franchises claim for relief retaliation for reporting sexual harassment. Plaintiff's claims fail as to the Defendants for the following reasons:

(1) Plaintiff's claims are not cognizable legal theories;

(2) Plaintiff's claims are factually deficient as pled in the Complaint;

(3) Plaintiff's Complaint is prejudicial to Defendants; and

(4) Plaintiff's claims are improperly brought against individual Defendants.

Accordingly, Defendants respectfully requests the Court dismiss Plaintiff's Complaint, with prejudice.

Further, if the Court declines to dismiss the Complaint for failure to state a claim, Defendants request the Court order Plaintiff to strike all references to Defendant 3-Little-Cows, Inc.'s EEOC response pursuant to Federal Rule of Civil Procedure 12(f) as the EEOC response falls outside the scope of her employment and is thus, immaterial and impertinent to this litigation.

## II. FACTUAL BACKGROUND

3 Little Cows, Inc. is based in Encinitas, California and is a franchisee of a Chick-Fil-A Restaurant (the Restaurant) located at 194 N. El Camino Real, Encinitas, California 92024. Danny Putman, who owns the franchise, is dedicated to fostering a positive and supportive workplace environment for his team. Becky Putnam is Mr. Putnam's spouse and has no ownership interest in the franchise.

Plaintiff is a former Team Member at the Restaurant. Throughout her brief tenure, management observed that Plaintiff created a hostile work environment for

her peers, which included screaming and on one occasion, waving a knife during an argument. Plaintiff routinely yelled at her coworkers and undermined her supervisors. Several of Plaintiff's coworkers complained they felt harassed and uncomfortable being around Plaintiff. When Plaintiff failed to improve following multiple coaching sessions and a performance improvement plan, the Restaurant terminated Plaintiff on December 19, 2018.

On March 17, 2019, Plaintiff filed a charge against the Restaurant with the Equal Employment Opportunity Commission (EEOC) alleging the following causes of action: (1) age discrimination; (2) gender discrimination; and (3) retaliation. The Restaurant timely responded to the charge. On June 25, 2019, the EEOC completed its investigation and was unable to establish any violations of law and closed its file. On September 17, 2019, Plaintiff filed a Complaint in this Court alleging (1) corporate failure to supervise their franchises against discrimination claim for relief age gender discrimination; and (2) corporate failure to supervise their franchises claim for relief retaliation for reporting sexual harassment against the Restaurant, Danny Putnam, and Becky Putnam. The essential allegation Plaintiff makes is that she was discriminated against due to her age and gender. She further alleges she was retaliated against for complaining of harassment of other employees and for filing her EEOC charge.

### III.   STANDARD OF REVIEW

A Federal Rules of Civil Procedure (Rule) 12(b)(6) motion to dismiss requires the court to determine the sufficiency of the plaintiff's complaint and whether it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ P. 8(a). A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. The Court may dismiss a complaint as a matter of law either for lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.* (9th Cir. 2019) 937 F.3d 1201, 1208.  In making this

determination, the Court must accept as true all material allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 572. While allegations of material fact are taken as true, however, a plaintiff may not rely on conclusory allegations and unwarranted inferences to defeat dismissal. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.* 540 F.3d 1049, 1065 (9th Cir. 2008)(*citing In re Syntex Corp. Sec's Litig.,* 95 F.3d 922, 926 (9th Cir. 1996).)

The Federal Rules of Civil Procedure allows a motion to dismiss under Rule 12(b)(6) to be combined with a motion to strike Rule 12(f). "A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party." (Fed. R. Civ. P. 12(g).)

### IV.     LEGAL ARGUMENTS

**A.  <u>The Court Should Dismiss the Complaint Because it Fails to Provide a Basis Upon Which Relief Can Be Granted.</u>**

**1.     *Plaintiff Fails to Allege a Cognizable Legal Theory.***

The Complaint fails to distinguish among – or clearly set out – the various claims being alleged. Plaintiff lists her causes of action as: (1) corporate failure to supervise their franchises against discrimination claim for relief age gender discrimination; and (2) corporate failure to supervise their franchises claim for relief retaliation for reporting sexual harassment. Defendants are unaware of any such legal theories. Plaintiff's first cause of action alleges liability under potentially two federal statutes: race and gender discrimination under Title VII of Civil Rights Act, as amended (Title VII) and a claim titled "corporate failure to supervise their franchises." However, Plaintiff does not state from which statute or common law theory her corporate failure claim derives. This results in a combination of three claims under potentially two different standards of liability.

Further, Plaintiff's second cause of action alleges liability under retaliation under Title VII and "corporate failure to supervise their franchises." Plaintiff,

-3-

again, does not state from which statute or common law theory her claim derives and pleads the claim with two different standards of liability.

Accordingly, Defendants move this court to dismiss Plaintiff's Complaint as Defendants cannot discern which standards of liability apply to her causes of action or to whom her causes of action are directed.

### 2. *Plaintiff Fails to Allege Sufficient Facts to Support a Cognizable Legal Theory.*

Plaintiff's Complaint fails to state a claim for violation of Title VII. Title VII makes it unlawful for covered employers to hire or discharge any individual, or otherwise discriminate against any individual based on a protected class, i.e., race, color, religion, sex, or national origin. (42 USC § 2000e et seq.) As stated above, Plaintiff has failed to allege a cognizable legal theory. However, for the purposes of the instant Motion, it will be assumed Plaintiff's Title VII claims are limited to age discrimination, gender discrimination, and retaliation against the Restaurant, as that is what she reported to the EEOC.

#### a. Defendants Cannot Decipher Which Claims Are Brought Against Each Party.

To the extent Plaintiff is asserting Title VII or any other claims against the Restaurant, Danny Putnam, or Becky Putnam (which is, itself, unclear from the caption and wording of the Complaint), Plaintiff has failed to describe these claims with any specificity or to set forth the required elements of those claims. Accordingly, Defendants are unable to determine which claims are being alleged against them, and Plaintiff has failed to state any claim upon which relief can be granted.

The Complaint fails to distinguish among – or even clearly set out – the various claims being alleged. And, despite containing a heading entitled "Facts," the body of the Complaint is prolix, confusing, and in many areas – meaningless. Further, it is not clear what relief Plaintiff seeks or how the allegations support she

-4-

MEMORANDUM OF POINTS & AUTHORITIES   CASE NO. 3:19-cv-01780-CAB-BGS
IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT

relief sought as her only prayer for relief states, "Plaintiff prays for damages and will amend her complaint to address discovery related issues." (Complaint ¶ 44.) The Complaint is simply a recitation of disconnected ideas wrapped with conclusory allegations seeking some sort of unintelligible relief. The Complaint should be dismissed for failure to state a claim upon which relief can be granted.

      b.    <u>Plaintiff's First Cause of Action for Discrimination is Deficient as a Matter of Law.</u>

To establish a prima facie case of discriminatory treatment, Plaintiff must show supporting facts that: (1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed ... her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir.2006)(citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).) Conclusory allegations, unwarranted deductions, or unreasonable inferences need not be accepted as true. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir.2004).

Plaintiff's first cause of action concludes, without providing the necessary facts, that "Chick-Fil-A discriminates against older employees." (Complaint ¶ 33(d).) Although pled as an "age gender discrimination" cause of action, Plaintiff's allegations are untethered to any underlying fact relating to (1) the nature and extent of the alleged discrimination; and (2) how her age and sex were "motivating factors" for the alleged discrimination and motivated Defendants allegedly wrongful conduct.  Further, she does not allege that younger employees were treated differently. In fact, she pleads the Restaurant had knowledge of harassment of younger female employees… "adding to the disparate treatment." (Complaint ¶

-5-
MEMORANDUM OF POINTS & AUTHORITIES   CASE NO.  3:19-cv-01780-CAB-BGS
IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT

29.) It is illogical to allege both younger and older females were discriminated against in support of an age discrimination claim.

Moreover, Plaintiff's single allegation setting forth why she believes she was terminated only relates to her retaliation cause of action, "Plaintiff's termination on December 19, 2018 was in direct *retaliation* but for her reporting of sexual harassment…" (Complaint ¶ 21.)(Emphasis added.) She only alleges a discriminatory motive based on her age and gender in connection with the Restaurant's EEOC response, which is wholly unrelated to Plaintiff's termination as she filed her EEOC Complaint *three months* after she was terminated. (Complaint ¶ 24.)

Without information as to the nature and extent of her alleged discrimination and how her age and sex were motivating factors, Defendants cannot conceivably understand the basis for Plaintiff's claims. Accordingly, the Court should dismiss Plaintiff's first cause of action.

c. <u>Plaintiff's Second Cause of Action for Retaliation is Deficient as a Matter of Law.</u>

To successfully plead a claim for retaliation in violation of Title VII, Plaintiff must establish: (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) a causal link exists between the protected activity and the adverse employment action. *Passantino v. Johnson & Johnson Consumer Prods., Inc.,* 212 F.3d 493, 506 (9th Cir.2000). Again, Plaintiff pleads only conclusory allegations in lieu of facts. Plaintiff generally claims she was terminated in retaliation for reporting that her coworker was harassing younger females. However, Plaintiff's Complaint is devoid of any facts regarding (1) the substance of her complaint regarding the harassment; (2) whether the decision-maker knew of her complaint; and (3) any evidence whatsoever that Plaintiff's complaint was a motivating reason for her termination. Plaintiff's retaliation claim, as pled, is incoherent, rambling, and unreadable.

Incredibly, Plaintiff also pleads she was retaliated against for filing her EEOC charge. (Complaint, ¶ 36). Yet, Plaintiff did not file her EEOC charge until after her termination, negating any causal connection[1].

Plaintiff's allegations as pled do not constitute a cause of action for retaliation under Title VII. For these same reasons, Plaintiff's allegations are uncertain and do not apprise Defendants of the nature of her claim. Accordingly, the Court should dismiss Plaintiff's second cause of action.

### d. Plaintiff's First and Second Causes of Action as Plead are Prejudicial.

Beyond the above, Plaintiff's first and second causes of action, as pled, are incredibly prejudicial to Defendants in anticipating the likely motion for summary judgment Defendants will file in this action. The standards for motions for summary adjudication set forth in Rule 56 state that summary adjudication may only be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In so doing, the motion completely disposes of a cause of action, an affirmative defense, a claim for damages, or an issue of duty. It is an abuse of the rules of pleading and standards for summary adjudication for Plaintiff to lump a multitude of completely disparate claims into a single cause of action, making the dismissal of causes of action an impossible task for Defendants. Discrimination, retaliation, and "corporate failure to supervise their franchise" claims, and the basis for which these claims are brought, have different standards. The Court should not tolerate this type of litigation conduct and should dismiss Plaintiff's Complaint.

---

[1] Plaintiff admits she was terminated on December 19, 2018. (Complaint, ¶ 21). Plaintiff further admits she did not file her EEOC charge until three months after her termination, on March 17, 2019. (Complaint, ¶ 23).

-7-

MEMORANDUM OF POINTS & AUTHORITIES          CASE NO. 3:19-cv-01780-CAB-BGS
IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT

### 3. *Plaintiff Cannot Assert Claims Against the Individually Named Defendants.*

Regarding liability under Title VII for the individually named Defendants, Plaintiff cannot assert facts to support a claim against them since individual defendants cannot be held liable for damages under Title VII. *Miller v. Maxwell's International, Inc.* 991 F.2d 583, 587-589 (9th Cir. 1993) ["There is no reason to stretch the liability of individual employees beyond the respondeat superior principle intended by Congress."] The Court would ultimately have to dismiss these claims, and no additional facts or allegations could cure this deficiency. *Id*.

Accordingly, Plaintiff's Complaint should be dismissed against individually named Defendants, Danny Putnam and Becky Putnam.

### B. The Court Should Dismiss Plaintiff's Complaint With Prejudice.

The factors a court may consider in determining whether to dismiss a complaint with prejudice under Rule 41(b) include: (1) the plaintiff's status as a pro se litigant; (2) the burden on the defendants and their right to be free from costly and harassing litigation; (3) the burden confusing and prolix complaints place on the court system; (4) the strength of plaintiff's case; and (5) the feasibility of less drastic alternatives, such as allowing further amendment. *McHenry v. Renne.* 84 F.3d 1172, 1179-1180 (9th Cir. 1996). Under the circumstances of this dispute, these factors heavily favor dismissal with prejudice.

Plaintiff has filed a protracted, rambling, incomprehensible Complaint that utterly fails to allege any facts to support any of her claims, and that is not even clear as to which claims are being asserted, and against which Defendants. Plaintiff cannot assert anything in an amended pleading that will give merit to her baseless claim. As such, the Court should dismiss Plaintiff's Complaint with prejudice pursuant to Rule 41(b).

ANDREWS LAGASSE BRANCH + BELL LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121

### C. The Court Should Strike Portions of Plaintiff's Complaint Under FRCP 12(f).

Under Rule 12(f), a party may move to strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous material from the pleadings. "Immaterial" matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 967 (9th Cir. 2014) (citing *Fantasy, Inc. v. Fogerty* 984 F. 2d 1524, 1527 (9th Cir., 1993), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).) "Impertinent" matter consists of statements that do not pertain, and are not necessary, to the issues in question. *Fantasy, Inc.,* 984 F. 2d at 1527. Motions to Strike may be granted if "it is clear that matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v Kentucky Central Ins. Co*., 814 F.Supp 820, 830 (N.D. Cal. 1992).

Here, Plaintiff seeks to introduce as an exhibit to her Complaint, the Restaurant's response to Plaintiff's EEOC charge (Response). The Response is further referenced in paragraphs 22 – 25; 31; 33(d); 36; and 39-43 of Plaintiff's Complaint. This document, and these references, are immaterial and impertinent to the instant action, and thus are properly stricken pursuant to Rule 12(f).

Plaintiff's instant lawsuit is premised on allegations which occurred during her employment with the Restaurant. Plaintiff alleges she engaged in protected activities, including filing her EEOC charge. (Complaint, ¶ 36). Plaintiff admits she was terminated on December 19, 2018. (Complaint, ¶ 21). Plaintiff further admits she did not file her EEOC charge until three months after her termination, on March 17, 2019. (Complaint, ¶ 23). Thus, her EEOC charge had no bearing on Plaintiff's employment or any decision affecting her employment. Any facts which occurred post-employment are immaterial and impertinent to her claims and should be stricken.

Accordingly, the Response proposed as Exhibit "5" is immaterial and impertinent to this litigation, and thus inappropriate as an attachment to the Plaintiff's Complaint. Therefore, along with the paragraphs referencing the Response, it should be stricken.

## V.   CONCLUSION

Based on the foregoing, Defendants respectfully request that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(6).

Defendants further respectfully request Plaintiff's Exhibit "5", and paragraphs 22 – 25; 31; 33(d); 36; and 39-43, be stricken from the Complaint, in accordance with Rule 12(f).

Dated: November 6, 2019

ANDREWS LAGASSE BRANCH + BELL LLP

By: _____
Jonathan D. Andrews
Lisa M. Magorien
Noel M. Hicks
DANNY PUTNAM, BECKY PUTNAM, AND 3 LITTLE COWS, INC. DBA CHICK-FIL-A (erroneously sued as DANNY AND BECKY PUTNAM D/B/A/ CHICK-FIL-A – THREE LITTLE COWS, INC.)