UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lindsey Stewart,<br><br>                                  Plaintiff,<br><br>v.<br><br>Chick-Fil-A, et al,<br><br>                                 Defendants. | Case No.: 19cv1780-CAB-BGS<br><br>**ORDER REGARDING MOTIONS TO DISMISS AND STRIKE [Doc. Nos. 5 and 7]** |

      Plaintiff Lindsey Stewart ("Plaintiff"), a non-prisoner, proceeding *pro se*, has filed a complaint for employment discrimination. [Doc. No. 1.] On November 6, 2019, Defendants Danny Putnam, Becky Putnam, and 3 Little Cows, Inc. dba Chick-Fil-A filed a motion to dismiss the complaint and to strike certain portions of the complaint. [Doc. No. 5.] On November 25, 2019, Defendant Chick-Fil-A, Inc. also filed a motion to dismiss the complaint. [Doc. No. 7.] On December 23, 2019, Plaintiff filed oppositions to both motions. [Doc. Nos. 17, 18.] On January 10, 2020, Defendants filed replies to the oppositions. [Doc. Nos. 19 and 20.] The Court deems the motions suitable for determination on the papers submitted and without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1).

ALLEGATIONS OF COMPLAINT

      Plaintiff's complaint asserts that it is an action for age, gender, and retaliation

discrimination pursuant to 42 U.S.C. §2000 et seq., Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Age Discrimination in Employment Act of 1964 ("ADEA"). [Doc. No. 1 at ¶¶ 1-2.] Plaintiff alleges that she is a 62-year-old female who worked at a Chick-Fil-A franchise owned by the Putnams and 3 Little Cows and located in Encinitas, California (the "Restauarant"). [Doc. No. 1 at ¶¶ 5 and 7.] Plaintiff further alleges that Defendant Chick-Fil-A, the franchisor, has control over the Putnams and participates in employment decisions at the Restaurant. [Complaint ¶¶ 10-15.] Plaintiff further alleges that on December 19, 2018, she was wrongfully terminated in retaliation for her reporting of sexual harassment of younger-aged females. [Doc. No. 1 at ¶¶ 5, 7 and 21.] The Complaint sets forth two counts: (1) "corporate failure to supervise their franchises against discrimination claim for relief age gender discrimination;" and (2) "corporate failure to supervise their franchises claim for relief retaliation for reporting sexual harassment." [Doc. No. 1 at 7-8.]

MOTIONS TO DISMISS

A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted"—generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand . . . more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow . . . the court to draw the reasonable

2

19cv1780-CAB-BGS

inference that the defendant is liable for the misconduct alleged." *Id.* There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

B. Defendant Chick-fil-A, Inc.

Defendant Chick-fil-A, Inc. argues that Plaintiff has failed to state a claim against it because Plaintiff does not and cannot allege facts to show that she was actually employed by Chick-fil-A, Inc.

To establish a prima facie case of retaliation or harassment under Title VII, Plaintiff must show she had an employment relationship with the party who carried out the discriminatory or retaliatory conduct. See generally 42 U.S.C. § 2000e-2(a). Also, she must show the defendant meets the statutory definition of an employer, which is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person...." 42 U.S.C § 2000e(b).

Two or more employers may be considered "joint employers" if both employers control the employee's terms and conditions of employment. *Wynn v. NBC*, 234 F. Supp. 2d 1067, 1093 (C.D. Cal. 2002); *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 (6th Cir. 1997); *N.L.R.B. v. Browning-Ferris Indus. of Pennsylvania, Inc.*, 691 F.2d 1117, 1123 (3d Cir. 1982); *see also Boire v. Greyhound Corp.*, 376 U.S. 473, 475 (1964) (explaining whether employers are joint depends primarily on whether they exercised common control over the employees).

To establish a "joint employment" relationship, the complaint must allege facts satisfying the following elements: (1) The nature and degree of control each employer had over the others' employees; (2) day-to-day supervision and discipline over each

other's employees; (3) authority to hire and fire the employee and to set employment conditions; and (4) control over employment records and over methods and amounts of payment of the other's employees. *Wynn*, 234 F. Supp. 2d at 1093.

In the context of franchisor-franchisee relationships, the analysis focuses on the extent to which the franchisor retains and exercises control over the day-to-day details of employment. *Salazar v. McDonald's Corp.,* 944 F.3d 1024, 1032 (9th Cir. 2019) (a franchisor also must "retain[] or assume[] a general right of control over factors such as hiring, direction, supervision, discipline, discharge, and relevant day-to-day aspects of the workplace behavior of the franchisee's employees.") citing *Patterson v. Domino's Pizza, LLC*, 60 Cal.4th 474, 497 (2014).

Here, while Plaintiff makes conclusory allegations about Chick-fil-A being a joint employer, she does not make any specific allegations as to how Chick-fil-A exercised day-to-day control of the details of employment. In her opposition, Plaintiff references a text message exchange between "Landon" (employee of the franchisor) and "Jason Stewart" (employee of the franchisee) concerning an issue between "Alex" and Eden Biden" that occurred in February 2018. First, these allegations are not contained in the Complaint. Moreover, it is unclear how a text message that occurred months before Plaintiff's employment and did not concern or involve Plaintiff, shows that Chick-fil-A was her joint employer. Nevertheless, the Court will provide Plaintiff another opportunity to amend the complaint to make specific allegations that show how Chick-fil-A (the franchisor) exerted day-to-day control over the franchisee's employees, such that it should be held liable as a joint employer.

Accordingly, Defendant Chick-fil-A's motion to dismiss [Doc. No. 7] is **GRANTED WITH LEAVE TO AMEND.**

C. Defendants Danny Putnam, Becky Putnam and 3 Little Cows, Inc.

It appears the gravamen of Plaintiff's complaint is that she allegedly observed another employee sexually harass several younger females at work, reported this to her superiors, and was then given a false negative performance review which led to her

termination. [Complaint ¶¶18-21.] This is, in essence, a claim for retaliation under Title VII.[1]

The claims in Plaintiff's complaint, however, are entitled "corporate failure to supervise their franchises against discrimination claim for relief age gender discrimination" and "corporate failure to supervise their franchises claim for relief retaliation for reporting sexual harassment." Defendants argue that there are no such claims under the law. The Court agrees that the complaint is unclear as to Plaintiff's theory of liability. While there can certainly be liability under Title VII for age and gender discrimination, and for retaliation, and under the common law for an employer's negligent supervision of an employee, Plaintiff has failed to provide any legal authority for a claim for "corporate failure to supervise franchises." Plaintiff must provide more clarity as to her legal theory.

Defendants also argue that it is unclear which claims are brought against which named defendants. Plaintiff has sued two corporate entities and two individuals, but she does not specify how each defendant is liable. Plaintiff must allege the basis of her claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them. *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988).

Finally, Plaintiff has not sufficiently alleged a claim for gender or age discrimination. To establish a prima facie case under Title VII, a plaintiff must offer proof: (1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff

---

[1] Under Title VII, a plaintiff may establish a prima facie case of retaliation by showing that (1) she engaged in activity protected under Title VII, (2) the employer subjected her to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action. *Passantino v. Johnson & Johnson Consumer Prods. Inc.,* 212 F.3d 493, 506 (9th Cir. 2000)(citations omitted).

differently than a similarly situated employee who does not belong to the same protected class as the plaintiff. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).[2] In the first claim, Plaintiff states that it is an "age gender discrimination" claim, but she does not sufficiently allege how defendants discriminated against her based on her age or gender, nor does she allege how she was treated differently from other similarly-situated employees who were not in the same protected class as Plaintiff. In addition, Plaintiff's single allegation setting forth why she believes she was terminated only relates to her retaliation cause of action. (Complaint ¶21). Finally, Plaintiff's only specific allegation regarding a discriminatory motive based on her age and gender is in connection with the Restaurant's EEOC response, which is unrelated to Plaintiff's termination, as Plaintiff did not file her EEOC complaint until one month after her termination. (Complaint ¶24). It is simply unclear how Plaintiff's age or gender led to her termination.

Accordingly, Defendants Putnam and 3 Little Cow's motion to dismiss [Doc. No. 5] is **GRANTED WITH LEAVE TO AMEND**.

## MOTION TO STRIKE

Pursuant to Federal Rule of Procedure Rule 12(f), the Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike generally will not be granted unless it is clear that the matter to be stricken could not have any possible bearing on the subject matter of the litigation. *See LeDuc v. Kentucky Central Life Insurance Co.*, 814 F.Supp. 820, 830 (N.D.Cal.1992). Allegations "supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant." *Id*. Moreover, allegations which contribute to a full understanding of the complaint as a whole need not be stricken. *See id*.

---

[2] Similarly, to establish a prima facie case of age discrimination under the ADEA, plaintiff must show that she was: "(1) at least forty years old, (2) performing [her] job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise 'giving rise to an inference of age discrimination.'" *Diaz v. Eagle Produce, Ltd.,* 521 F.3d 1201, 1207 (9th Cir.2008) (citation omitted).

Here, Defendants Putnam and 3 Little Cows move to strike the Restaurant's EEOC response (attached as an exhibit to the complaint), as well as any references in the complaint to the EEOC response, on the grounds that it is immaterial to the action. Given that leave to amend the complaint has been granted, the motion to strike [Doc. No. 5] is **DENIED WITHOUT PREJUDICE.**

CONCLUSION

For the reasons set forth above, the motions to dismiss are **GRANTED WITH LEAVE TO AMEND** and the motion to strike is **DENIED WITHOUT PREJUDICE**.

Plaintiff shall have until **February 21, 2020** to file a First Amended Complaint that cures the pleading deficiencies noted above. If Plaintiff does not file a First Amended Complaint by February 21, 2020, **the case will be dismissed**.

Plaintiff is cautioned that the First Amended Complaint must be complete in itself without reference to her original pleading. Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

**IT IS SO ORDERED.**

Dated: January 17, 2020

Hon. Cathy Ann Bencivengo
United States District Judge