UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lindsey Stewart,<br><br>                        Plaintiff,<br>v.<br>Chick-Fil-A, et al,<br><br>                        Defendants. | Case No.:  19cv1780-CAB-BGS<br><br>**ORDER REGARDING (1) MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MOTION TO STRIKE[Doc. No. 28]; AND (2) MOTION TO TAKE LEAVE TO AMEND [Doc. No. 37]** |

On September 17, 2019, Plaintiff Lindsey Stewart ("Plaintiff"), proceeding *pro se*, filed a complaint against Danny Putnam, Becky Putnam, 3 Little Cows, Inc., dba Chick-Fil-A ("3 Little Cows"), and Chick-Fil-A, Inc (the Franchisor), for employment discrimination. [Doc. No. 1.] On November 6, 2019, Defendants filed motions to dismiss and strike the original complaint. [Doc. Nos. 5 and 7.] On January 17, 2020, this Court issued an order granting the motions to dismiss the original complaint with leave to amend. [Doc. No. 21.]

On February 21, 2020, Plaintiff filed a First Amended Complaint ("FAC"). [Doc. No. 22.] On March 12, 2020, Defendants Danny Putnam and 3 Little Cows filed a motion to dismiss and strike the FAC. [Doc. No. 28.] On May 15, 2020, rather than filing an opposition to Defendants' motion, Plaintiff filed a Motion to Take Leave to Amend. [Doc. No. 37.] On May 22, 2020, Defendants filed a reply brief in support of

their motion to dismiss and strike the FAC.  [Doc. No. 38.]  On June 4, 2020, Defendants filed an opposition to the motion for leave to amend.  [Doc. No. 39.]  To date, Plaintiff has not filed a reply to the opposition.

The Court deems the motions suitable for determination on the papers submitted and without oral argument.  *See* S.D. Cal. CivLR 7.1(d)(1).

## ALLEGATIONS OF FAC

The gravamen of Plaintiff's FAC continues to be that she allegedly observed another employee sexually harass several younger females at work, reported this to her superiors, and was then given a false negative performance review which led to her termination.  [FAC ¶¶14-20.]

## MOTIONS TO DISMISS

A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted"—generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand . . . more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the collective facts pled "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.*

(quoting *Twombly*, 550 U.S. at 557).  The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

  B.  Defendant Chick-Fil-A, Inc.

The FAC does not contain any allegations as to Defendant Chick-Fil-A, Inc. (the Franchisor).  Therefore, Defendant Chick-Fil-A, Inc. is **HEREBY DISMISSED WITHOUT PREJUDICE** and shall continue to be **TERMINATED** from the case.

  C.  Defendant Andrews Lagasse Branch + Bell (ALBB).

The FAC improperly names ALBB, counsel for Defendants, as a defendant based on alleged misconduct during an EEOC investigation, four months after her termination.  First, Plaintiff did not have leave to add ALBB as a party.  FRCP, Rule 15(a)(1)(B).  Second, ALBB did not employ Plaintiff and, therefore, it cannot be a defendant in any of her employment-related claims.  Therefore, Defendant ALBB is **DISMISSED WITHOUT PREJUDICE** and it shall be **TERMINATED** from the case.

  D. Defendants Danny Putnam and 3 Little Cows.

    a.  Gender Discrimination.

To establish a prima facie case under Title VII, a plaintiff must offer proof: (1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Here, Plaintiff's claim for gender discrimination fails for several reasons.  First, she continues to fail to identify which defendants are being sued for each claim.  However, assuming the claim is brought against her employer, 3 Little Cows, it fails to state a cause of action, as she fails to allege how she suffered an adverse employment action because of her gender.  Rather, Plaintiff's gender discrimination claim continues to

relate only to her retaliation claim. Finally, Plaintiff's allegations regarding Mr. Dufon relate to events that occurred after her termination and therefore cannot support a claim for gender discrimination. Therefore, the motion to dismiss the claim for gender discrimination is **GRANTED WITHOUT LEAVE TO AMEND**.

      b. Sexual Harassment.

A prima facie hostile work environment claim is established by a showing by the plaintiff that: (a) she belongs to a protected group (female); (b) she was subjected to unwelcome sexual harassment; (c) the harassment complained of was based on sex; and (d) the harassment complained of was sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment. Priest v. Rotary, 634 F.Supp. 571, 582 (N.D. Cal. 1986)*(citations omitted)*.

Plaintiff's claim for hostile work environment harassment is also deficient. First, Plaintiff was not given leave to add this new claim. FRCP Rule 15(a)(1)(B). Moreover, Plaintiff fails to identify which defendants are being sued on this claim. Finally, Plaintiff fails to allege that she was subjected to sexual harassment or that she personally witnessed harassment to the point that it created an abusive working environment. Rather, she alleges that she reported sexual harassment of other younger female employees, which is the basis of her retaliation claim. Therefore, the motion to dismiss the sexual harassment claim is **GRANTED WITHOUT LEAVE TO AMEND.**

      c. Age Discrimination.

To establish a prima facie case of age discrimination under the ADEA, plaintiff must show that she was: "(1) at least forty years old, (2) performing [her] job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise 'giving rise to an inference of age discrimination.' " *Diaz v. Eagle Produce, Ltd.*, 521 F.3d 1201, 1207 (9th Cir.2008) (citation omitted).

Plaintiff's claim for age discrimination also fails. First, it does not identify the defendants. Second, Plaintiff fails to allege how her age led to her termination. Rather,

she continues to allege that her letter to management regarding harassment of others is what led to her termination.  Therefore, the motion to dismiss the claim for age discrimination is **GRANTED WITHOUT LEAVE TO AMEND**.

      d.  Retaliation.

Under Title VII, a plaintiff may establish a prima facie case of retaliation by showing that (1) she engaged in activity protected under Title VII, (2) the employer subjected her to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action. *Passantino v. Johnson & Johnson Consumer Prods. Inc.*, 212 F.3d 493, 506 (9th Cir. 2000)(citations omitted).

Plaintiff's claim for retaliation as to Defendant 3 Little Cows is sufficiently pleaded.  Plaintiff alleges she observed another employee sexually harass several younger females at work, reported this to her superiors, and was then given a false negative performance review which led to her termination.  [FAC ¶¶14-20.]  This states a claim for retaliation under Title VII. While Plaintiff sets forth a viable claim for retaliation, she does not identify the specific defendant.  Given that retaliation claims may only be asserted against the employer, the Court will allow the claim to go forward as to Defendant 3 Little Cows **only**.  Therefore, the motion to dismiss the fourth cause of action is **DENIED** as to Defendant 3 Little Cows and **GRANTED** as to all other defendants.[1]

## MOTION TO STRIKE

Pursuant to Federal Rule of Procedure Rule 12(f), the Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike generally will not be granted unless it is clear that the matter to be stricken could not have any possible bearing on the subject matter of the litigation. *See LeDuc v. Kentucky Central Life Insurance Co.*, 814

---

[1] Given that there are no claims remaining as to Defendant Danny Putnam, he is **HEREBY DISMISSED WITHOUT PREJUDICE** and **TERMINATED** as a defendant in this action.

F.Supp. 820, 830 (N.D.Cal.1992). Allegations "supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant." *Id*. Moreover, allegations which contribute to a full understanding of the complaint as a whole need not be stricken. *See id*.

Here, Defendants seek to strike all references to the Restaurant's response to Plaintiff's EEOC charge, as well as any references to ALBB's post-termination legal representation of Defendants during the EEOC investigation. While the EEOC response (and similarly ALBB's conduct) may not, in and of itself, support a claim for retaliation because it occurred post-termination, the response may lead to the discovery of relevant information. Therefore, the Court cannot, at this time, conclude that the allegations "could not have any possible bearing" on the litigation. Therefore, the motion to strike the allegations is **DENIED**.

## MOTION TO TAKE LEAVE TO AMEND

Rather than oppose the motion to dismiss, Plaintiff has filed a motion to amend her complaint, but she does not attach a proposed amended complaint, as is required by Local Rule 15(b). Moreover, Plaintiff does not explain how an amended complaint would cure the pleading deficiencies previously identified by the Court. Rather, Plaintiff argues that she should be allowed to conduct discovery before providing a proposed amended complaint. However, Plaintiff must satisfy the [Federal Rules of Civil Procedure] Rule 8 pleading requirements "*before* the discovery stage, not after it." *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 & fn. 7 (9th Cir. 2014)(emphasis in original). Therefore, the motion to take leave to amend is **DENIED**.

## CONCLUSION

For the reasons set forth above, the Court orders as follows:

1) The motion to take leave to amend [Doc. No. 37] is **DENIED**;

2) The motion to strike is **DENIED**;

3) The motion to dismiss the FAC is **GRANTED IN PART AND DENIED IN PART AS FOLLOWS:** The motion to dismiss is **GRANTED** as to all claims

and defendants **EXCEPT** that the fourth cause of action for retaliation shall proceed against Defendant 3 Little Cows only;[2]

4) Defendant 3 Little Cows shall **answer** the FAC, as amended by this order, by **July 6, 2020**.

**IT IS SO ORDERED.**

Dated:  June 15, 2020

Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] To reiterate, the FAC shall now proceed only as to the claim for retaliation and only as to Defendant 3 Little Cows.  All other claims and defendants have been **DISMISSED**.