UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lindsey Stewart,<br><br>                              Plaintiff,<br><br>v.<br><br>Chick-Fil-A, et al,<br><br>                              Defendants. | Case No.: 19cv1780-CAB-BGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO TAKE LEAVE TO AMEND UNDER FRCP 15(A)(1)**<br>**[Doc. No. 54]** |

On September 17, 2019, Plaintiff Lindsey Stewart ("Plaintiff"), proceeding *pro se*, filed a complaint against Danny Putnam, Becky Putnam, 3 Little Cows, Inc., dba Chick-Fil-A ("3 Little Cows"), and Chick-Fil-A, Inc (the Franchisor), for employment discrimination. [Doc. No. 1.] On November 6, 2019, Defendants filed motions to dismiss and strike the original complaint. [Doc. Nos. 5 and 7.] On January 17, 2020, this Court issued an order granting the motions to dismiss the original complaint with leave to amend. [Doc. No. 21.]

On February 21, 2020, Plaintiff filed a First Amended Complaint ("FAC"). [Doc. No. 22.] On March 12, 2020, Defendants Danny Putnam and 3 Little Cows filed a motion to dismiss and strike the FAC. [Doc. No. 28.] On May 15, 2020, rather than filing an opposition to Defendant's motion, Plaintiff filed a motion to amend. [Doc. No. 37.] On June 15, 2020, this Court issued an order granting in part the motion to dismiss,

denying the motion to strike, and denying Plaintiff's motion to amend (hereinafter the "June 15 Order"). [Doc. No. 40.]

In the June 15 Order, the Court dismissed Plaintiff's gender discrimination, sexual harassment, and age discrimination claims <u>without leave to amend</u>. [Doc. No. 40 at 3-5.] The Court also made clear that this case would proceed only as to the fourth cause of action for retaliation, and only against Defendant 3 Little Cows. [Doc. No. 40 at 7.] Finally, the Court ordered Defendant 3 Little Cows to answer the FAC, as amended by the June 15 Order. *Id.*

On July 6, 2020, Defendant 3 Little Cows filed an answer to the FAC, as amended by the June 15 Order. [Doc. No. 42.] On September 1, 2020, Magistrate Judge Butcher held an ENE and CMC [Doc. No. 51]. On September 4, 2020, Magistrate Judge Butcher issued a Scheduling Order. [Doc. No. 52.] Pursuant to the Scheduling Order, all fact discovery must be completed by February 5, 2021. [Doc. No. 52 at 3.]

On October 2, 2020, Plaintiff filed a Motion to take leave to amend under FRCP 15(a)(1). [Doc. No. 54.] On October 22, 2020, Defendant filed an opposition to Plaintiff's motion. [Doc. No. 55.] No reply has been filed. For the reasons set forth below, the motion is **DENIED**.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within (1) 21 days after serving the pleading or (2) 21 days after the earlier of service of a responsive pleading or service of a Rule 12(b) motion. FED. R. CIV. PRO. 15. Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave," though the court "should freely give leave when justice so requires." *Id*. In *Lockheed Martin Corp. v. Network Solutions, Inc.*, the Ninth Circuit stated that leave to amend should be freely given absent "(1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." 194 F.3d 980, 986 (9th Cir.1999). These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing

party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* (original emphasis).

## DISCUSSION

Plaintiff seeks leave to amend her FAC to again add Chick-fil-A, Inc. (CFA) as a corporate entity, and to add new causes of action for (1) Wrongful Termination in Violation of Public Policy; (2) Failure to Prevent Discrimination, Harassment, and Retaliation of FEHA; and (3) Failure to Investigate Work Place Sexual Harassment Complaints. [Doc. No. 54 at 7:22-26.] Plaintiff's motion fails because it is procedurally and substantively deficient.

First, the motion is procedurally deficient because Plaintiff does not attach a separate version of the proposed amended pleading showing how "through redlining, underlining, strikeouts, or other similarly effective typographical methods" the proposed amended complaint differs from the operative pleading. CivLR 15.1(b).

Second, Plaintiff's motion is prejudicial because it would unduly delay the litigation. Discovery cutoff is set for February 5, 2021. [Doc. No. 52 at 3:5.] If Plaintiff is allowed to amend, Defendant CFA would have to be served again, respond to the complaint, and conduct its discovery. Both defendants would inevitably bring further motions to dismiss (see below), and both would have to conduct further discovery. This will cause the discovery cutoff and other dates to be continued for months if not years. Given that this case was filed more than a year ago, any further delay would be prejudicial. *See Solomon v. North American Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998)(denying leave to amend on eve of discovery cutoff).

In addition, Plaintiff's proposed amended complaint continues to fail to cure deficiencies previously identified by this court. First, the proposed amended complaint fails to identify what claims are brought against which defendant, including the alleged basis of her claim against each defendant. Second, Plaintiff presents additional causes of

action that are not cognizable. Plaintiff's proposed second cause of action asserts that "Defendant failed to take reasonable steps to prevent harassment and discrimination." [Doc. No. 54 at 19:3– 4.] But Plaintiff continues to not allege that she herself was harassed or discriminated, does not present facts showing that Defendant failed to prevent retaliation, and does not say how she was harmed, all of which are essential elements of her claim. *See Lelaind v. City and County of San Francisco*, 576 F.Supp.2d 1079, 1103 (N.D. Cal. 2008) ("When a plaintiff seeks to recover damages based on a claim of failure to prevent discrimination or harassment she must show three essential elements: 1) plaintiff was subjected to discrimination, harassment or retaliation; 2) defendant failed to take all reasonable steps to prevent discrimination, harassment or retaliation; and 3) this failure caused plaintiff to suffer injury, damage, loss or harm."). In addition, "courts have required a finding of actual discrimination or harassment under FEHA before a plaintiff may prevail under section 12940, subdivision (k)." *Dickson v. Burk Williams, Inc.*, 234 Cal.App.4th 1308, 1314 (2015). This Court has already dismissed Plaintiff's sexual harassment claim with prejudice. [Doc. No. 40 at 4:18–10.] Therefore, Plaintiff cannot now establish that Defendant failed to prevent harassment because it is derivative of a harassment claim.

In addition, Plaintiff's third cause of action is futile because it is not a cognizable claim. Plaintiff calls this "Failure to Provide Required Mechanism in the Complaint Process to Report Sexual Harassment." [Doc. No. 54 at 20.] Government Code section 12940(k)(4)(a–f), (5), as Plaintiff puts it, is not a discernable code section. To the extent Plaintiff is referring to section 12940(k), this claim fails for the reasons set forth above, particularly regarding Plaintiff not being harmed. To the extent Plaintiff refers to section 12950, there is no cause of action arising from that section. See Cal. Gov't Code § 12950(f) ("[A] claim that the information sheet or information required to be distributed . . . shall not in and of itself result in the liability of any employer to any present or formal employee . . . in any action alleging sexual harassment.") Therefore, there is no claim under section 12950.

Given that Plaintiff's proposed amendments fail to cure deficiencies previously identified by this Court and/or are not cognizable, leave to amend would be futile.

Finally, Defendant requests that the Court issue an Order to Show Cause ("OSC") as to Why Plaintiff's actions do not violate Rule 11(b) because she has repeatedly filed frivolous, baseless papers. [Doc. No. 55 at 9.] Given Plaintiff's *pro se* status, the Court declines, at this time, to issue an OSC. <u>Plaintiff is warned however, that any further attempts to amend the complaint or otherwise delay the litigation with frivolous filings may result in Rule 11 sanctions.</u>

## CONCLUSION

For the reasons set forth above, the motion to take leave to amend under FRCP 15(a)(1) is **DENIED**.

**IT IS SO ORDERED**.

Dated: November 3, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge